UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS MCADORY,

Plaintiff,

CASE NO. 5:07-CV-13192
JUDGE JOHN CORBETT O'MEARA
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

MICHAEL R. ENGELSGJERD,

Defendant,
_______________________________/

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S FAILURE TO RESPOND TO THE COURT'S MARCH 29, 2010 SHOW CAUSE ORDER (Doc. Ent. 36) and FAILURE TO RESPOND TO DEFENDANT PRAMSTALLER'S MAY 25, 2010 MOTION FOR SUMMARY JUDGMENT (Doc. Ent. 43)**

**I. RECOMMENDATION:** The Court should dismiss this case pursuant to Fed. R. Civ. P. 41(b).

**II. REPORT:**

**A. Plaintiff's January 6, 2009 Amended Complaint Names Four (4) Defendants.**

Plaintiff originally filed this case on July 12, 2007 against defendant Engelsgjerd. Doc. Ent. 1 at 4-14; Doc. Ent. 2 at1-11; Case No. 1:07-cv-661 (W.D. Mich.). Plaintiff's complaint was accompanied by an application to proceed in forma pauperis. Doc. Ent. 1 at 15-23; Doc. Ent. 3 at 1-9. On July 25, 2007, the case was transferred to the Eastern District of Michigan. Doc. Ent. 1 at 2-3.

On August 7, 2007, the Court entered three (3) orders. First, Magistrate Judge Whalen granted plaintiff's application to proceed in forma pauperis. Doc. Ent. 4. Second, he entered an order directing service without prepayment of costs and authorizing the U.S. Marshal to collect

costs after service is made. Doc. Ent. 5. Finally, Judge O'Meara entered an order referring this case to me to conduct all pretrial matters. Doc. Ent. 6.

On August 13, 2008, plaintiff filed a motion to amend his complaint. Doc. Ent. 13 at 1-3; Doc. Ent. 13 at 4-41 (Proposed Amended Complaint). On November 7, 2008, I entered an order granting plaintiff's motion to amend complaint (Doc. Ent. 13); directing the Clerk of the Court to file plaintiff's proposed amended complaint as an amended complaint and to provide the U.S. Marshal with copies for service; and ordering plaintiff to provide the court with defendant Engelsgjerd's address. Doc. Ent. 16.

Plaintiff's amended complaint was filed on January 6, 2009. It names as defendants (1) Michael R. Engelsgjerd, M.D., described as a Correctional Medical Services (CMS) and Michigan Department of Corrections (MDOC) physician; (2) CMS, Inc.; (3) George Pramstaller, M.D., described as the Director of the Bureau of Health Care Services, MDOC; and (4) Craig Hutchinson, M.D., described as the Director of CMS. Doc. Ent. 17 ¶¶ 19-22.[1]

On April 9, 2010, defendants CMS and Hutchinson filed an answer to the amended complaint. Doc. Ent. 38.

**B. Defendants CMS, Hutchinson and Pramstaller Have Appeared in This Case.**

The Court has entered three (3) orders directing the U.S. Marshal to effect service of process. *See* Doc. Entries 5, 9 & 36. The U.S. Marshal has acknowledged receipt of service of process documents. *See* Doc. Entries 7 (1 copy), 10 (Engelsgjerd), 18 (4 copies) and 37 (1

---

[1]On January 20, 2009, I entered an order (Doc. Ent. 19) conditionally granting plaintiff's August 13, 2008 motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) (Doc. Ent. 14).

copy).[2] To date, appearances of counsel have been entered on behalf of defendants CMS, Hutchinson and Pramstaller. *See, i.e.*, Doc. Entries 23-24, 27-32 (CMS and/or Hutchinson); Doc. Entries 41, 46 (Pramstaller).[2]

**C. Defendants' CMS and Hutchinson's April 8, 2009 Motion to Dismiss Has Been Denied.**

On April 8, 2009, defendants CMS and Hutchinson filed a motion to dismiss pursuant to 42 U.S.C. § 1997e(a) and Fed. R. Civ. P. 12(b)(6). Doc. Ent. 25. Plaintiff was directed to file any response on or before June 30, 2009. Doc. Ent. 26. However, plaintiff did not file a response.

On February 11, 2010, I entered a report (Doc. Ent. 33) recommending that the Court deny defendants CMS and Hutchinson's motion to dismiss for lack of exhaustion (Doc. Ent. 25). Defendants CMS and Hutchinson filed objections on February 26, 2010. Doc. Ent. 34.

On March 23, 2010, Judge O'Meara entered an order (Doc. Ent. 35) accepting and adopting my report and recommendation (Doc. Ent. 33) and denying defendants CMS and Hutchinson's motion to dismiss for lack of exhaustion (Doc. Ent. 25).

**D. Plaintiff Did Not Respond to the Court's March 29, 2010 Show Cause Order Regarding Defendant Engelsgjerd.**

---

[2]The U.S. Marshal sent waivers of service to Pramstaller, CMS and Hutchinson on January 13, 2009. Doc. Entries 20, 21, 22

[2]Pramstaller's executed waiver of service was returned to the Court (Doc. Ent. 40).

It does not appear that service has been effectuated upon defendant Engelsgjerd. *See* Doc. Entries 8 (waiver mailed on Aug. 8, 2007 to Engelsgjerd at St. Louis Correctional Facility (SLF), unexecuted),[3] 12 (waiver mailed on Dec. 6, 2007 to Engelsgjerd at CMS, unexecuted).

Plaintiff did not respond to the Court's November 7, 2008 order requiring plaintiff to provide the Court with Engelsgjerd's address (Doc. Ent. 16). Approximately two months after the entry of this order, on January 6, 2009, the Clerk of the Court filed plaintiff's amended complaint (Doc. Ent. 17), in which Engelsgjerd is named as a defendant. Doc. Ent. 17 ¶ 19.

In my March 29, 2010 order (Doc. Ent. 36), I noted that the U.S. Marshal had already attempted to effect service of process upon Engelsgjerd at what appears to be CMS's East Lansing, MI address (Doc. Ent. 12). I also noted that within thirty (30) days of the date of this order, plaintiff was required to show cause why his complaint against defendant Engelsgjerd should not be dismissed for plaintiff's apparent failure to comply with the Court's November 7, 2008 order requiring plaintiff to provide the court with Engelsgjerd's address (Doc. Ent. 16). *See* Doc. Ent. 36 at 4.

Plaintiff did not respond to the Court's March 29, 2010 order (Doc. Ent. 36).

**E. Plaintiff Did Not Respond to Defendant Pramstaller's Pending May 25, 2010 Motion for Summary Judgment.**

On May 25, 2010, defendant Pramstaller filed a motion for summary judgment based on qualified immunity and Eleventh Amendment immunity, or alternatively, based on lack of exhaustion of administrative remedies. Doc. Ent. 43. Defendant Pramstaller argues that (I)

[3]In a letter dated August 10, 2007, Tracy L. Crawford, an Administrative Assistant at JCF, informed the U.S. Marshal that she could not accept service on Engelsgjerd's behalf, because "he does not work at this facility and is unknown." Doc. Ent. 8 at 2.

"[t]he plaintiff can make no showing of Defendant Pramstaller's knowledge and conscious disregard of his serious medical needs; therefore, the defendant is entitled to summary judgment and qualified immunity in his individual capacity[,]" Doc. Ent. 43 at 10-13; (II) "[d]efendant Dr. Pramstaller is immune from suit in his official capacity based on the Eleventh Amendment[,]" Doc. Ent. 43 at 13-14; and (III) "[a]lternatively, Plaintiff's failure to file a grievance against Defendant Pramstaller amounts to a failure to exhaust administrative remedies, entitling this defendant to dismissal without prejudice[,]" Doc. Ent. 43 at 14-17.

The Local Rules of this Court provide that "[a] response to a dispositive motion must be filed within 21 days after service of the motion." E.D. Mich. LR 7.1(e)(1)(B). To date, plaintiff has not filed a response.

**F. The Court Has Entered Two Scheduling Orders, to No Avail.**

On June 23, 2010, I entered an order (Doc. Ent. 44) requiring that plaintiff file any response to the May 25, 2010 motion (Doc. Ent. 43) on or before July 21, 2010. Plaintiff did not file a response by that date.

On September 9, 2010, I entered an order regarding the Court's March 29, 2010 show cause order (Doc. Ent. 36) and defendant Pramstaller's May 25, 2010 motion for summary judgment (Doc. Ent. 43). I noted that, although the Court originally directed the U.S. Marshal to effect service of process upon the defendants in this case, the Court must now seek plaintiff's assistance in effecting service upon defendant Engelsgjerd. Doc. Ent. 45 at 3 n.3. Specifically, my order provided:

> No later than Friday, October 15, 2010, plaintiff SHALL respond to the Court's March 29, 2010 order (Doc. Ent. 36) requiring plaintiff to show cause why his complaint against defendant Engelsgjerd should not be dismissed - either for plaintiff's apparent failure to comply with the Court's November 7, 2008

order (Doc. Ent. 16) requiring plaintiff to provide the court with Engelsgjerd's address or for plaintiff's apparent failure to serve Engelsgjerd in accordance with Fed. R. Civ. P. 4(m).

Furthermore, plaintiff SHALL file any response to defendant Pramstaller's May 25, 2010 motion (Doc. Ent. 43) no later than Friday, October 15, 2010.

Finally, plaintiff is cautioned that a failure to comply with this order may result in an involuntary dismissal of his case. *See* Fed. R. Civ. P. 41(b).

Doc. Ent. 45 at 4. To date, plaintiff has not filed a response to the May 25, 2010 dispositive motion or to the March 29, 2010 show cause order.

**G. Conclusion**

Fed. R. Civ. P. 41 governs the dismissal of actions. With respect to the effect of an involuntary dismissal, Rule 41 provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Upon consideration, the Court should dismiss this case pursuant to Fed. R. Civ. P. 41(b) on the bases that he has failed to prosecute this action and/or has failed to comply with the Federal Rules of Civil Procedure or orders of this Court.[4] First, it still appears that defendant

---

[4]"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-631. "It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition." *Link*, 370 U.S. at 631-632. *See also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980) ("The Court denied that [Fed. R. Civ. P.] 41(b) limits a court's power to dismiss for failure to prosecute to instances where a defendant moves for dismissal.") (citing *Link*, 370 U.S. at 630); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) ("The Court's prior cases have indicated

Engelsgjerd has not been served with a summons and complaint in this lawsuit in accordance with Fed. R. Civ. P. 4(m). The U.S. Marshal has attempted to serve Engelsgjerd on three (3) occasions (Doc. Entries 7 & 8, 10 & 12 and 18), and the December 6, 2007 attempt was sent to CMS's Michigan Regional Office in East Lansing, Michigan (Doc. Ent. 12).[5] The conclusion that Engelsgjerd has not been served is consistent with the docket in this case, which shows no indication of anything being filed on behalf of Engelsgjerd.

Second, plaintiff has not responded to several orders of this Court. Doc. Entries 26 (setting response deadline), 36 (show cause), 44 (setting deadline), 45 (show cause, setting response deadline). In fact, the last item filed on plaintiff's behalf was his January 6, 2009 amended complaint (Doc. Ent. 17).

Third, it is the plaintiff's responsibility to keep the Court apprised of his address. At the time he filed his complaint, plaintiff was incarcerated at the G. Robert Cotton Correctional Facility (JCF). On December 13, 2007, plaintiff wrote to the Court, wherein he asked whether an attorney would be appointed to represent him and informed the Court that he was incarcerated at Ryan Correctional Facility (RRF). Doc. Ent. 11. Plaintiff was paroled on October 1, 2008. He filed a notice of change of address on October 6, 2008 (Doc. Ent. 15), and the docket has been changed to reflect his home address. However, it appears that plaintiff's address of record

---

that the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct.") (citing *Link*, 370 U.S. at 630-632; *Roadway Express*, 447 U.S. at 767); *Carlisle v. United States*, 517 U.S. 416, 426, 449-450 (1996) ("something far more than an ambiguous silence is required to withdraw a district court's inherent power."); *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b)] to enter a sua sponte order of dismissal.") (citing *Link*).

[5]In *Mitchell v. MDOC*, Case No. 09-11468 (E.D. Mich.), it appears that Engelsgjerd is/was a CMS employee. *See* Doc. Ent. 34 (Joint Motion to Dismiss).

is no longer accurate. On May 3, 2010, defendants CMS and Hutchinson filed a notice that mail sent to plaintiff Marcus McAdory at 13516 Ardmore, Detroit, MI 48227 was returned as "no such number, unable to forward" by the U.S. Postal Service. Doc. Ent. 42.[6] On October 1, 2010, plaintiff was discharged, *see* www.michigan.gov/corrections, "Offender Search," and there has been no address update since his October 6, 2008 notice (Doc. Ent. 15).

To be sure, the Court cannot grant defendant Pramstaller's May 25, 2010 motion for summary judgment (Doc. Ent. 43) based simply on plaintiff's failure to respond. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).[7] However, this report and recommendation does not recommend granting defendant Pramstaller's May 25, 2010 motion (Doc. Ent. 43), nor does it address the merits of the arguments raised by defendant Pramstaller in the motion, nor does it cast judgment on the claims against defendants CMS and Hutchinson which survived their April 8, 2009 motion to dismiss (Doc. Ent. 25). *See* Doc. Ent. 35.[8] Rather, this report recommends dismissal of this case for plaintiff's failure to prosecute this action and/or failure to comply with the Federal Rules of Civil Procedure or failure to comply with orders of this Court, as outlined above.

---

[6]On April 14, 2010, defendant CMS filed a statement of disclosure of corporate affiliations and financial interest (Doc. Ent. 39).

[7]"[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Carver*, 946 F.2d at 455.

[8]It makes little sense for the Court to invest time assessing the claims within plaintiff's complaint in light of his failure to prosecute this action. This is so, even though defendant Pramstaller's pending May 25, 2010 motion for summary judgment (Doc. Ent. 43) seeks dismissal "with prejudice" and, alternatively, "without prejudice." Doc. Ent. 43 at 4, 14, 17.

Accordingly, and because my September 9, 2010 order cautioned that "a failure to comply with this order may result in an involuntary dismissal of his case[,]" Doc. Ent. 45 at 4, dismissal pursuant to under Fed. R. Civ. P. 41(b) is appropriate.

**III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 1/18/11

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on January 18, 2011.

s/Eddrey Butts
Case Manager